IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | NO.  CR 10-03469-TUC-RCC(BPV) |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS** |
| Randy Robert Canine, | ) | |
| Defendant. | ) | |

On December 1, 2010, Defendant Randy Robert Canine was indicted for possession of child pornography [Doc. 1] and on December 8, 2010, he was arrested. On March 28, 2012, Defendant filed a Motion to Suppress Evidence [Doc. 48]. The Government filed its Response [Doc. 54] on April 11, 2012, and the Defendant filed a Reply [Doc. 55] on April 18, 2012.

The matter came on for Evidentiary Hearing before the Court on May 15, 2012. The Government called as witnesses HSI Special Agent Jose Rios. The defense called as witnesses HSI Special Agents John Czapko and John Owen.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after his independent review and consideration, enter an order **GRANTING** Defendant's Motion to Suppress Evidence [Doc. 48].

## FACTS

On July 30, 2007, the Internet Crimes Against Children Task Force in Phoenix, Arizona received three cyber tips from the National Center For Missing And Exploited

1  Children in Alexandria, Virginia. These tips referenced computers in Phoenix and Tucson.
2  Once the Phoenix investigation was completed, the Tucson investigation became the
3  topic of a briefing on April 12, 2009. At that time the various agents were assigned their
4  respective roles. A forensic agent was present but he was not given any instructions or
5  directions as to what types of consents for computer searches would be sought. As such, the
6  agent, John Owen, did not prepare any program or programs necessary to conduct a limited
7  or full search.
8  On April 13, 2009, the agents arrived at the residence of Mr. and Mrs. Randy Canine
9  for the purposes of conducting a "Knock and Talk". Both occupants of the home were
10 present. The agents advised the Canines that they were investigating possible identity theft.
11 Agent Czapko asserted that the search capability he sought was an "in and out" procedure.
12 Mr. Canine (not to be confused with the useful tooth or furry pet) was not
13 participating in anything but getting out of the house. Kellie Canine consented to a limited
14 search and signed a consent reflecting a limited search. Agents Rios and Czapko told Agent
15 Owen they had consent. Agent Owen was not shown the modified consent form so he
16 assumed he had consent to do a complete search in any manner he deemed appropriate. If
17 Agent Owen had been told about a limited search, he would have prepared a program that
18 could accomplish that purpose. Agent Owen did a cursory search that produced no indicia
19 of pornography. At that point, Agent Owen started opening files. He found the images that
20 are the basis of this indictment and Motion to Suppress.

## DISCUSSION

23 Any fair hearing and evaluation of Kellie Canine's state of mind at the time of the
24 "Knock and Talk" could have resulted in consent to do a complete search. The agents,
25 however, did not pick up on Mrs. Canine's verbal clues. Instead they obtained a limited
26 consent for a search they were incapable or unprepared to conduct.
27 The agents received the consent they wanted. Unfortunately, Agent Owen
28 unknowingly went beyond the scope of the consent.

## CONCLUSION

It is the recommendation of this Court that the District Judge, after his independent review and consideration, enter an Order **GRANTING** Defendant's Motion to Suppress Evidence [Doc. 48].

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 10-03469-TUC-RCC.

DATED this 27th day of July, 2012.

_____
Bernardo P. Velasco
United States Magistrate Judge